**LAW OFFICES OF IAN WALLACE, PLLC**
501 FIFTH AVENUE · 19TH FLOOR
NEW YORK, NEW YORK 10017

TELEPHONE: (212) 661-5306                                                                                               FACSIMILE: (646) 349-5308

May 24, 2012

**VIA ECF**
Hon. Arlene R. Lindsay
Eastern District of New York
Long Island Courthouse, 100 Federal Plaza
Central Islip, New York 11722

   Re:  *Ricciardi, et al.* v. *Kimco Facilities Servs. Corp., et al.* **10 CV 5371 (JS) (ARL)**

Hon. Magistrate Lindsay:

  I represent the Plaintiffs in the above-referenced lawsuit. By this letter application, I am seeking leave to file Plaintiffs' first amended complaint pursuant to this Court's May 21, 2012 order. A copy of the proposed amended complaint is attached as Exhibit B.

**A:  The Relatively Minor Proposed Amendments to the Complaint**

**a)  Amendments Necessary to Conform to the Facts Revealed During Discovery**

  Certain of the proposed amendments are minor in order to conform to facts that have come to light during discovery. For example, the Complaint needs to be updated to reflect that certain Plaintiffs have now found alternative employment or reside in other states. *See* Exhibit B at ¶¶ 7, 70. I have also removed facts supporting Porfirio Arriola's retaliation claims given the voluntary withdrawal of those claims. Id.

  Additionally, I propose additional paragraphs to clarify the nature and the extent of Plaintiffs' protected activity that resulted in their retaliatory discharge. Namely, the complaint needs to conform to Plaintiffs Calixto Garcia, Jesus Rodriquez and Jose Roberto Vasquez's deposition testimony that they were discharged on the same day after lodging complaints of unpaid wages with the NYS Department of Labor. Exhibit B at ¶¶ 120-127, 151. Documents produced by Defendants during discovery confirm Plaintiffs' accounts regarding the timing of their discharge, including an email from Mazen Rihani, Defendants' former VP of Retail Operations. *See* Exhibit C.[1] Currently, in addition to referencing their wage complaints to Defendants' managers, the Complaint asserts merely that both prior to their discharge and on the day they were discharged certain Plaintiffs filed complaints with the State Division of Human Rights. Exhibit A at ¶¶ 107, 117. Hence, the proposed amendments are necessary to accurately assert the basis for Plaintiffs' retaliation claims under the FLSA and the NY Labor Law.

  Defendants would not be prejudiced in any way were the Court to allow the foregoing proposed amendments given that they were well aware that certain Plaintiffs were discharged

---

[1] This copy of Mr. Rihani's email was designated confidential by Defendants and hence I will submit it separately under seal per the terms of the confidentiality agreement.

1

*after* Defendants had notice of their complaint to the Department of Labor. Also, the Plaintiffs have all testified at length about the circumstances surrounding their discharge and have provided all pertinent documents to Defendants and therefore there is no additional discovery to be obtained from Plaintiffs.

I have removed from the caption "KIMCO DELAWARE, INC' as a defendant as that entity was incorrectly sued. I also three additional paragraphs to assert the integrated nature of the remaining corporate entities based on the deposition testimony of Mr. Rihani, who testified, amongst other things, that all firing decisions needed to emanate from high-level HR managers of the defendant parent company, the Compass Group USA, Inc. *See* Exhibit B at ¶¶ 17-19.

b)   **Minor Amendments Regarding Wages for Driving and Chauffeuring**

I also propose three additional paragraphs to clarify that Plaintiffs are seeking compensation for their entire unpaid wages that includes wages for hours spent driving to and from each work site. *See* Exhibit B at ¶¶ 33, 37, 55. Currently, the Complaint alludes to the fact that the unpaid hours included driving and chauffeuring time. *See e.g*., Exhibit A at ¶ 84 ("Defendants continued to require Plaintiffs to drive extensive hours to each job site, sometimes as far afield as Pennsylvania, and work 16-17 hour days, yet refused to provide them with sleeping accommodation.")

While not essential, the proposed amendments are nevertheless expedient as it is patently obvious that certain Plaintiffs incurred extensive travel and chauffeuring hours during their employment. For example, Jesus Rodriguez used Defendants' company vehicle to transport Defendants' cleaning equipment and Defendants' employees to each job site to site as far afield as Delaware, Pennsylvania and Upstate New York.

Defendants would not be prejudiced were this Court to allow the proposed factual refinements given that they were well aware that a) Plaintiffs incurred extensive driving and chauffeuring time; and, b) according to the law, and Defendants' own policies, employees who drove from job site to site were entitled to be paid their driving time. *See e.g.,* Exhibit D (pages from Mr. Rihani's deposition transcript). Further, on February 11, 2012, well before the Plaintiffs in question were deposed, I reiterated to Defendants' counsel that certain Plaintiffs were seeking compensation for their chauffeuring and/or driving time. *See* Exhibit E. On March 12, 2012, after Mr. Rihani confirmed during this deposition that employees' driving time was compensable, I requested all documents containing Defendants "polic(ies) regarding compensable driving, chauffeuring and preparatory work" that are "key to Plaintiffs' claims."

c)   **Remedial Amendments.**

The proposed amended complaint contains two additional paragraphs specifying that Plaintiffs seek compensation for emotional distress resulting from their retaliatory dismissal. *See* Exhibit B at ¶¶ 130, 153 and the prayer for relief. FLSA § 216(b) permits plaintiffs who have established retaliation under section 215(a)(3) to be awarded "legal or equitable relief as may be appropriate to effectuate the purpose of section 15(a)(3)...." While the Second Circuit has yet to decide the range of relief that may be afforded under this section, courts in this district and the SDNY, guided by other circuits, have consistently permitted awards for emotional distress. *See*

*e.g, Perez v. Jasper Trading, Inc.,* 2007 WL 4441062 (E.D.N.Y.); *Lai v. Eastpoint International, Inc.,* 2002 WL 265148 (S.D.N.Y.).

Plaintiffs would be prejudiced were they not to be permitted to seek all the remedies available under the relevant statutes, especially given that two Plaintiffs have medically documented injuries allegedly resulting from Defendants' actions. Conversely, Defendants cannot point to any prejudice not least because all of the Plaintiffs have been extensively deposed and all medical authorizations for the release of pertinent medical information have been provided. Finally, the Amended Complaint proposes to increase the amount of damages sought for each cause of action from "an amount as yet underdetermined but at least $100,000" to "an amount as yet undetermined but at least $500,000."

**B: Amendments Should Be Freely Given & Defendants Cannot Show Operative Prejudice**

Fed. R. Civ. P. 15(a)(2) states in relevant part that "[t]he Court should freely give leave when justice so requires." Courts have emphasized this rule repeatedly. *See e.g., United States v. E.B. Hougham,* 364 U.S. 310 (1960). This is Plaintiffs' first proposed amended complaint and many of the proposed changes relate to facts revealed and/or confirmed relatively recently during the discovery process. Courts have declared that "[i]n order to deny a motion to amend on the ground of delay, said ground must be accompanied by either bad faith or undue prejudice." *Media Alliance, Inc. v. Mirch,* 2010 WL 2557450 (N.D.N.Y. 2010) (*citing Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993) ("The non-movant carries the burden of demonstrating that substantial prejudice would result were the proposed amendment to be granted."); *Saxholm AS v. Dynal, Inc.,* 938 F. Supp.120, 123 (E.D.N.Y. 1996).

For the reasons stated above, Defendants are unable to show either bad faith or operative prejudice that would result from the proposed amendments. Plaintiffs have provided all responsive documents in their possession and the only discovery that remains outstanding are multiple documents requested by Plaintiffs that Defendants are in the process of retrieving and two sets of Plaintiffs' discovery demands that require responses. Defendants' counsel had in his possession since April 26, 2012 a draft amended complaint that was in large part identical to the current proposed amended complaint with three notable exceptions.[2] Even if the proposed amendments required additional discovery, this fact would not cause Defendants the undue and operative prejudice of the type that might defeat the current motion. Moreover, Defendants have until June 29, 2012 to obtain any additional discovery they deem necessary.

Respectfully submitted,

/s/
Ian F. Wallace

---

[2] Along with certain minor edits, the April 26, 2012 draft differed from the current proposed amended complaint in that it did not contain an amended caption removing "Kimco Delaware, Inc." as a defendant, the retaliation claims previously asserted on behalf of Porfirio Arriola had not been deleted and it did not include three paragraphs asserting the integrated nature of the remaining corporate entities.

3